IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1894.

---

### McCORMICK v. WILLITTS & HART.

A creditor who puts in his claim under a statutory assignment for the benefit of creditors, cannot. withdraw such claim unless he can show that his conduct was induced by the fraud of his debtor.

---

On demurrer to replication.

The declaration contains the common counts only. The second plea shows an assignment by the defendants for the benefit of their creditors, in accordance with the statute, and that the plaintiff presented to the assignee, in due form, the claim now sued on.

In reply to this latter plea, the plaintiff alleges that, before putting in his said claim, he inquired of the said assignee "concerning the amount of property assigned to him and the amount of debts shown to be due by the said assignment," and was informed by said assignee that an inspection and examination made by him. led him to believe that the cred-

itors of the said firm of S. A. Willitts & Co. would be paid their claims in full out of the funds of said defendants which had come to the hands of said assignee, &c., and that, by reason of such representations, he filed his said claim, which he otherwise would not have done. The replication then avers that, subsequently, the plaintiff "for the first time learned" that "the estate of the said" defendants which had been so assigned was, by reason of its smallness, or by reason of the amount of claims filed, entirely inadequate to pay the said claims, and that the affairs of the said estate were not at all as had been represented to him "by the said assignee as aforesaid."

This is the replication demurred to.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Lindley M. Garrison.*

For the defendants, *Israel Roberts.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. It appears, from the record before the court, that the defendants, in due form, made a general assignment of their property for the benefit of their creditors, by virtue of the act entitled "An act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors" (*Rev.*, *p.* 36), and that the plaintiff, as a creditor, presented to the assignee thus constituted the claim forming the basis of the present action.

More than fifty years ago it was decided by this court, in the case of *Vanderveer* v. *Conover*, 1 *Harr.* 487, that a creditor who presents his claim to the assignee in one of these cases, becomes a party to the assignment, and is thereby bound by it. The twenty-first section of the act provides as follows, viz.: "Nothing in this act shall be taken or under-

stood as discharging said debtor or debtors from liability to their creditors who may not choose to exhibit their claims, either in regard to the persons of such debtors or to any estate, real or personal, not assigned as aforesaid, but with respect to the creditors who shall come in under said assignment and exhibit their demands as aforesaid for a dividend, they shall be wholly barred from having afterwards any action or suit at law or equity against such debtors or their representatives, unless, on the trial of such action or hearing in equity, the said creditor shall prove fraud in the said debtor or debtors with respect to the said assignment or concealing his estate, real or personal, whether in possession, held in trust or otherwise."

In construing this provision, the court, in the case cited, declared that a creditor presenting à claim for a dividend thereby becomes a party to the assignment and is bound by its conditions. No judicial determination or *dictum* that has since been promulged has, in any respect whatever, impaired or restricted the principle thus established, and the present case is plainly within its scope. When the plaintiff, in this instance, preferred his claim to the assignee, in effect he contracted, by force of the statute, with the defendants to accept, in full payment of the money due him, a distributive share of the property embraced in the assignment, and nothing but the fraud of the plaintiff will dissolve that agreement. Such fraud this replication neither shows nor asserts. All that it does is to exhibit the fact that the assignee formed a mistaken opinion with respect to the amount of the debts due or of the value of the property in his hands, and that he communicated such erroneous opinion to the plaintiff. But there is not the least taint of fraud in such a transaction. The assignee merely expresed a belief with respect to the matter, and in the absence of criminating proof, the court must infer that such belief was an honest one. If the plaintiff saw fit to hazard his property on so unstable a reliance, in the event of loss he can blame no one but himself.

The defendants are entitled to judgment.